# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALLEN SHARONOFF,<br><br>    Plaintiff,<br><br>    v.<br><br>M. MONTOYA, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00799-DLB PC<br><br>ORDER DIRECTING CLERK OF COURT TO FILE LODGED THIRD AMENDED COMPLAINT<br>(Document 12)<br><br>ORDER FINDING COGNIZABLE CLAIMS AND DISMISSING REMAINING CLAIMS AND DEFENDANTS |

    Plaintiff Kenneth Allen Sharonoff ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on May 27, 2015. He filed a First Amended Complaint as of right on July 27, 2015.

    On October 28, 2015, the Court screened Plaintiff's First Amended Complaint and found that it stated an Eighth Amendment claim against Defendants Montoya and Torres.[1] Plaintiff was ordered to either amend his complaint, or notify the Court of his willingness to proceed only on the cognizable claims.

    Plaintiff filed a Second Amended Complaint on November 30, 2015. He lodged a Third Amended Complaint on January 20, 2016. He names Pleasant Valley State Prison ("PVSP")

///

---

[1] The Court referred to Defendant Torres as "Defendant Azarte" in the order. In his First Amended Complaint, Plaintiff named him as "Torres Azarte." He now names him as Azarte Torres.

1

Officers Montoya and Torres, PVSP Warden Frauenheim and California Department of Corrections and Rehabilitation ("CDCR") Director Jeffrey Beard as Defendants.[2]

**A.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim

---

[2] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 27, 2015.

for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### B. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at PVSP, where the events at issue occurred.

Plaintiff alleges that on February 5, 2015, Inmate Maaele attacked him, causing a broken leg and loss of consciousness. He contends that Defendants Montoya and Torres "did nothing." ECF No. 12, at 6. After Plaintiff obeyed and proned out with Officer Espey used his personal alarm, Inmate Maaele continued his attack, then strolled to the officer podium and was taken into custody. Plaintiff believes that Defendants could have used their pepper spray, but chose to do nothing.

Plaintiff alleges that Defendant Frauenheim is the "final policy maker and collaborator" with Defendant Beard, and that they both have authority to implement and enforce policies. ECF No. 12, at 7. Plaintiff contends that they are liable for employees' actions on prison property.

Plaintiff also alleges that he notified Defendant Frauenheim of "special circumstances of his incarceration," but he continued to "do nothing to improve the situation." ECF No. 12, at 7. Months before the incident, Plaintiff states that he sent Defendant Frauenheim an in-depth explanation of Plaintiff's circumstances and "alleged wrongs" of placing Plaintiff "in the unsafe, unjust environment," but he turned a blind-eye." ECF No. 12, at 8. He also alleges that Defendants Frauenheim and Beard chose not to have cameras in the building where the dayroom is located.

Plaintiff underwent surgery on his leg and ankle after the attack.

Based on these allegations, Plaintiff alleges a violation of the Eighth Amendment.

### C. DISCUSSION

1. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted). Prison officials have a duty to take

reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

As the Court found in the prior screening order, Plaintiff states an Eighth Amendment claim against Defendants Montoya and Torres.[3]

### 2. Defendants Frauenheim and Beard

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff alleges that Defendants Frauenheim and Beard made policies and were responsible for their employees' actions. However, as explained above, these allegations, alone, are insufficient to establish liability against either Defendant.

Plaintiff further alleges that Defendants Frauenheim and Beard chose not to install cameras in the building that houses the dayroom, but there are no facts to link this decision to Plaintiff's alleged constitutional violation. Plaintiff has not alleged "factual content that allows the court to

---

[3] Plaintiff will be instructed on service by separate order.

4

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 668.

Finally, Plaintiff contends that he sent Defendant Frauenheim an explanation of why his conditions of confinement were unsafe, but he ignored the complaint. This allegation is too vague to connect Defendant Frauenheim to the alleged constitutional violation. While Plaintiff may have sent some kind of documentation, there is no indication that Defendant Frauenheim knew that Plaintiff faced a substantial risk of harm and knowingly disregarded that risk.

Plaintiff was given an opportunity to correct the deficiencies against Defendants Frauenheim and Beard, but he failed to do so. Plaintiff does not state a claim against Defendants Frauenheim or Beard.

### D. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is ORDERED to file the lodged Third Amended Complaint (Document 12); and

2. Plaintiff's Third Amended Complaint SHALL proceed on an Eighth Amendment claim against Defendants Montoya and Torres. He does not state any further claims against any other Defendants. Plaintiff was previously notified of the deficiencies in his allegations, but he has failed to allege facts to correct these deficiencies. Therefore, further amendment is not warranted and Defendants Beard and Frauenheim are DISMISSED from this action.

IT IS SO ORDERED.

Dated: **February 24, 2016**         /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE