UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALLEN SHARONOFF,<br><br>       Plaintiff,<br><br>   vs.<br><br>MONTOYA, et al.,<br><br>       Defendants. | 1:15-cv-00799-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S RULE 56 MOTION FOR DISCOVERY, WITHOUT PREJUDICE TO RENEWAL OF THE MOTION WITHIN THIRTY DAYS<br>(ECF No. 25, 29.)<br><br>ORDER STRIKING SURREPLY<br>(ECF No. 29.)<br><br>THIRTY DAY DEADLINE |

## I. BACKGROUND

Kenneth Allen Sharonoff ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On May 27, 2015, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) This case now proceeds with the Third Amended Complaint filed on January 20, 2016, against defendants M. Montoya and J. Torres-Azarte, for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 14.)

On July 20, 2016, Defendants filed a motion for summary judgment for Plaintiff's failure to exhaust administrative remedies, which is pending. (ECF No. 23.) On August 8,

2016, Plaintiff filed a "Motion for Discovery Under Rule 56 and Request for Time Extension." (ECF No. 25.) On August 12, 2016, Plaintiff filed an opposition to Defendants' motion for summary judgment. (ECF No. 26.) On August 19, 2016, Defendants filed a reply to the opposition. (ECF No. 27.) On August 25, 2016, Plaintiff filed a "Motion for Regarding Opposition of Defendants' Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies [and] Motion for Discovery Under Rule 56." (ECF No. 29.)

Plaintiff's Rule 56 motion, and Plaintiff's August 25, 2016 motion are now before the Court.

## II.  RULE 56(d) – MOTION TO DEFER RULING ON MOTION FOR SUMMARY JUDGMENT TO ALLOW DISCOVERY

Pursuant to Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose Defendants' motion for summary judgment, the Court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).

**Discussion**

Plaintiff requests sixty days for discovery before submitting a response to Defendants' motion for summary judgment.

First, the Court notes that Plaintiff filed his opposition to Defendants' motion for summary judgment, and Defendants filed a reply. (ECF Nos. 26, 27.) Under Rule 230(*l*), the motion for summary judgment is now submitted to the Court and ready for decision. L.R. 230(*l*). However, to the extent that Plaintiff requests discovery and seeks to defer the Court's ruling on the motion for summary judgment, Plaintiff must show by affidavit or declaration, that, for specified reasons, he cannot present facts essential to justify his opposition without discovery. To defer the Court's ruling on the motion for summary judgment and allow time for

discovery, Plaintiff must submit a declaration[1] establishing the following: facts indicating a likelihood that controverting evidence exists as to a material fact; specific reasons why he did not obtain such evidence earlier in the proceedings (i.e. "good cause"); the steps or procedures by which he proposes to obtain such evidence within a reasonable time; and an explanation of how those facts will suffice to defeat the pending motion for summary judgment (i.e., to rebut the movant's allegations of no genuine issue of material fact). Tatum, 441 F.3d at 1101. Plaintiff has not submitted a declaration nor offered any evidence meeting the above standard. Therefore, Plaintiff's request for discovery and an extension of time shall be denied, without prejudice to renewal of the motion within thirty days, with the required declaration.

## III. SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Here, Plaintiff filed a surreply on August 25, 2016, when he filed the "Motion for Regarding Opposition of Defendants' Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies [and] Motion for Discovery Under Rule 56." (ECF No. 29.) Defendants' motion for summary judgment of July 20, 2016 was fully briefed and was submitted on the record under Local Rule 230(*l*) on August 19, 2016, when Defendants filed their reply to Plaintiff's opposition. The Court neither requested a surreply nor granted a request on the behalf of Plaintiff to file one. Plaintiff has not shown good cause for the court to

---

[1] The declaration must be dated and signed by Plaintiff, attesting under penalty of perjury to facts known by the declarant, in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date) . (Signature)." Such a declaration, if properly prepared, is admissible in federal court with the same effect as an affidavit. 28 U.S.C. § 1746.

allow him to file a surreply at this juncture. Therefore, Plaintiff's surreply shall be stricken from the record.

## IV.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Rule 56 motion, in which he requests sixty days of discovery and an extension of time to file an opposition to Defendants' motion for summary judgment, is DENIED, without prejudice to renewal of the motion within thirty days from the date of service of this order, as instructed by this order; and

2. Plaintiff's surreply, filed on August 25, 2016, is STRICKEN from the Court's record as improperly filed.

IT IS SO ORDERED.

Dated:   **October 17, 2016**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE