UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALLEN SHARONOFF,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MONTOYA, et al.,<br><br>　　　　Defendants. | 1:15-cv-00799-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br>(ECF No. 28.) |

**I.　　BACKGROUND**

　　Kenneth Allen Sharonoff ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On May 27, 2015, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  This case now proceeds with the Third Amended Complaint filed on January 20, 2016, against defendants M. Montoya and J. Torres-Azarte ("Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment.  (ECF No. 14.)  Defendants' motion for summary judgment for failure to exhaust administrative remedies, filed on July 20, 2016, is pending.  (ECF No. 23.)

　　On August 25, 2016, Plaintiff filed a motion for default judgment against Defendants. (ECF No. 28.)  On September 15, 2016, Defendants filed an opposition.  (ECF No. 31.) Plaintiff's motion for default judgment is now before the Court.

## II. ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d).

If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. However, default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).

### Plaintiff's Motion

Plaintiff argues that he should be awarded $300,000.00 because in their motion for summary judgment, Defendants admitted responsibility for Plaintiff's injuries.

Defendants argue that Plaintiff's request for default judgment should be denied because they filed a summary judgment motion on the grounds of exhaustion on July 20, 2016, indicating intent to defend the action.

### Discussion

On March 18, 2016, the Court issued an order directing the United States Marshal ("Marshal") to serve process in this action upon defendants Montoya and Torres-Azarte. (ECF No. 17.) On May 11, 2016, the Marshal filed two waiver of service forms signed by Defendants, with Defendants' Answer due on June 7, 2016. (ECF No. 18.) Defendants requested and were granted a forty-five-day extension of time to file an Answer. (ECF Nos. 19, 20.) On July 20, 2016, Defendants filed a motion for summary judgment. (ECF No. 23.) Because Defendants appeared in this action by filing a motion for summary judgment in

response to Plaintiff's Third Amended Complaint, the Court cannot find that they failed to plead or otherwise defend this action. Plaintiff's argument that Defendants have admitted responsibility for Plaintiff's injuries is unpersuasive. The Court finds no evidence on the record that Defendants have conceded that Plaintiff's claims against them are meritorious.

Therefore, Plaintiff is not entitled to entry of default or default judgment against defendants Montoya or Torres-Arzate.

**III.  CONCLUSION**

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment against defendants Montoya and Torres-Azarte, filed on August 25, 2016, is DENIED.

IT IS SO ORDERED.

Dated: __**October 19, 2016**__                    __**/s/ Gary S. Austin**__
                                                                              UNITED STATES MAGISTRATE JUDGE