UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALLEN SHARONOFF, | 1:15-cv-00799-DAD-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE GRANTED (ECF No. 23.)** |
| v. | |
| MONTOYA, et al., | |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

Plaintiff Kenneth Allen Sharonoff ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 27, 2015. (ECF No. 1.) This case now proceeds with Plaintiff's Third Amended Complaint filed on January 20, 2016, against defendants M. Montoya and J. Torres[1] ("Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 14.)

On July 20, 2016, Defendants filed a motion for summary judgment. (ECF No. 23.) On August 12, 2016, Plaintiff filed an opposition.[2] (ECF No. 26.) On August 25, 2016, Defendants filed a reply to the opposition. (ECF No. 27.) On January 23, 2017, Plaintiff filed a surreply. (ECF No. 41.)

Defendants move the court for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies prior to filing suit.

---

[1] Plaintiff refers to Defendant Arzate as "Arzate," "Torres Arzate" and "J. Torres." Defendants refer to this Defendant as "Torres." For the sake of consistency, the court shall refer to him as "Torres" in this order.

[2] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion. Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998). (ECF No. 24.)

The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*), and for the reasons that follow, the Court recommends that Defendants' motion be granted on the ground that Plaintiff failed to exhaust administrative remedies.

## II.  SUMMARY OF RELEVANT ALLEGATIONS IN THE THIRD AMENDED COMPLAINT[3]

Plaintiff is currently incarcerated at Mule Creek State Prison in Ione, California. The events giving rise to this action allegedly occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Defendants were correctional officers employed at PVSP during the relevant time.

Plaintiff alleges the following. On February 5, 2015, defendants Montoya and Torres failed to stop an inmate from attacking him. Montoya and Torres were working on the floor the day Plaintiff was attacked by inmate Maaele, but did nothing to stop the attack. Plaintiff contends that inmate Maaele broke Plaintiff's leg and kicked him in the head causing contusion, loss of consciousness and memory loss. After the attack, and without restraint, inmate Maaele walked over to the podium and decided to prone out as officers commanded him to do so. Plaintiff believes that Defendants could have sprayed inmate Maaele, or done something else to stop the attack.

Plaintiff further alleges that defendants Montoya and Torres, to cover up their actions, falsely stated in the Incident Report that Plaintiff was fighting with inmate Maaele and disobeying orders. Plaintiff's right leg and ankle are now held together with a 7-inch metal shank and 6 screws.

Plaintiff seeks monetary damages and injunctive relief.

///

///

---

[3] Plaintiff's Third Amended Complaint is verified and his allegations constitute evidence where they are based on his personal knowledge of facts admissible in evidence. Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004).

### III. SUMMARY JUDGMENT BASED ON EXHAUSTION

#### A. Legal Standards

##### 1. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 993 (2002).

An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006). When an inmate's administrative grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings. Woodford, 548 U.S. 81. Requiring exhaustion provides prison officials a "fair opportunity to correct their own errors" and creates an administrative record for grievances that eventually become the subject of federal court complaints. Reyes v. Smith, 810 F.3d 654, 657 (9th Cir.

2016) (quoting Woodford, 548 U.S. at 94; see Porter, 534 U.S. at 524–25). Requiring inmates to comply with applicable procedural regulations furthers these statutory purposes. Reyes, 810 F.3d at 657 (citing see Woodford, 548 U.S. at 94–96).

## 2. California Department of Corrections and Rehabilitation (CDCR) Administrative Grievance System

The Court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal.Code Regs. tit. 15, § 3084.1(a). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a).

At the time of the events giving rise to the present action, California prisoners were required to submit appeals within thirty calendar days of the event being appealed, and the process was initiated by submission of the appeal at the first level. Id. at §§ 3084.7(a), 3084.8(c). Three levels of appeal are involved, including the first level, second level, and third level.[4] Id. at § 3084.7. The third level of review exhausts administrative remedies. Id. at § 3084.7(d)(3). Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services. Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal.Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal.Code Regs. tit. 15, § 3084.2(a)(4).

In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85 (2006); McKinney, 311 F.3d. at 1199-1201.

---

[4] The third level is sometimes known as the Director's level.

### 3.     **Motion for Summary Judgment for Failure to Exhaust**

The failure to exhaust in compliance with 42 U.S.C. § 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). Albino v. Baca ("Albino II"), 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc). Following the decision in Albino II, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[5] or (2) a motion for summary judgment under Rule 56. Id. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino II, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted.") A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). In judging the evidence at the

---

[5] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." Albino II, 747 F.3d at 1162.

summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). The Court must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino II, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

**B.     Defendants' Facts (DUF)**

Defendants submitted the following facts in support of their motion:

1. Plaintiff is a California State prison inmate. At all relevant times alleged in the Complaint, Plaintiff was housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California.
2. On May 27, 2015, Plaintiff filed a Complaint brought under 42 U.S.C. § 1983 alleging that Defendants Montoya and Torres were deliberately indifferent to Plaintiff's safety, in violation of the Eighth Amendment's prohibition of cruel and unusual punishment, during an incident on February 5, 2015.
3. In his Complaint, Plaintiff alleged that Defendants Montoya and Torres observed inmate Maaele "stroll over to [the officers'] podium" and did "nothing to stop Maaele['s] further attack" on

///

February 5, 2015, in violation of his Eighth Amendment rights, and falsified a disciplinary report to cover-up their actions.

4. On July 27, 2015, Plaintiff filed a First Amended Complaint ("FAC") wherein he re-alleged the same claims against Defendants Montoya and Torres arising from the February 5, 2015 incident.

5. On November 30, 2015, Plaintiff filed a Second Amended Complaint ("SAC") wherein he re-alleged his same claims against Defendants Montoya and Torres arising from the February 5, 2015 incident.

6. On January 20, 2016, Plaintiff filed a Third Amended Complaint ("TAC") wherein he re-alleged his same claims against Defendants Montoya and Torres arising from the February 5, 2015 incident.

7. The allegations contained in Plaintiff's original Complaint and operative TAC are almost identical.

8. CDCR has a comprehensive administrative appeals system for prisoners' complaints, described in the California Code of Regulations (CCR), Title 15, § 3084, et seq. 2 CCR, Title 15, § 3084.1(a) provides that any inmate may appeal any departmental decision, action, condition, or policy which they can demonstrate as having a material effect upon their welfare.

9. Under the California Code of Regulations, an inmate has 30 calendar days to submit an appeal from the occurrence of the event or decision being appealed, or upon first knowledge of the action or decision being appealed.

10. To exhaust the administrative appeal process, the inmate must complete his appeal through the Third Level of review.

11. Plaintiff previously filed inmate grievances through CDCR's administrative appeals system while incarcerated at PVSP.

12. On February 5, 2015, Plaintiff was involved in a physical altercation with inmate Maaele at PVSP, for which he was later issued a Rules Violation Report ("RVR") for fighting.

13. On March 7, 2015, a hearing was held regarding Plaintiff's Rules Violation Report corresponding to the February 5, 2015 incident. Plaintiff was found guilty of fighting.

14. On April 28, 2015, Plaintiff submitted an inmate appeal, Appeal Log No. 15-00618, alleging that Defendants Montoya and Torres "did nothing" to prevent inmate Maaele's February 5, 2015 attack on Plaintiff.

15. On May 5, 2015, Plaintiff's Appeal Log No. 15-00618, alleging that Defendants Montoya and Torres "did nothing" to prevent inmate Maaele's February 5, 2015 attack on Plaintiff, was cancelled at the Second Level of review for failing to meet the time constraints pursuant to Cal. Code Regs., tit. 15, § 3084.6(c)(4).

16. An inmate may appeal a cancellation decision by writing a new appeal regarding the cancelled appeal and resubmitting it to the Appeals Office within 30 calendar days of receiving the unsatisfactory departmental response to a filed appeal. Plaintiff was advised of this process in the May 5, 2015 letter rejecting Plaintiff's appeal at the Second Level of review.

17. Plaintiff's inmate appeal was still pending when he filed the Complaint on May 27, 2015. Plaintiff's complaint alleged, with regard to the exhaustion of administrative remedies, that his

///

|   |   |
|---|---|
|   | appeal was cancelled at the second level, and "PLRA LEG01749 pending." |
| 18. | Plaintiff filed suit before he had exhausted his available administrative remedies by appealing the cancellation decision. |
| 19. | There is no record of Plaintiff filing a 602 appeal on the cancellation decision to exhaust his administrative remedies at PVSP. |
| 20. | Plaintiff did not exhaust the administrative appeal process for his deliberate indifference claims against Defendants Montoya and Torres prior to bringing suit in this action. |
| 21. | Pleasant Valley State Prison has no record of receiving any other appeal related to the allegations in the TAC. The Office of Appeals and ICAB has no record of ever receiving an appeal from Plaintiff regarding his claims of deliberate indifference arising from the February 5, 2015 incident against any prison official. Plaintiff therefore did not exhaust the administrative remedies prior to filing the present lawsuit. |

C. **<u>Plaintiff's Facts</u>**

Plaintiff submitted the following facts in support of his opposition to Defendants' motion.

|   |   |
|---|---|
| 1. | On February 5, 2015, Plaintiff was attacked by Maaele/AR7913, and Plaintiff's leg was fractured. |
| 2. | Officers watched the attack, did not intervene, and allowed Plaintiff to be attacked until his attacker got tired and agreed to lie down, and thereby permitted the ankle fracture injury he suffered. |
| 3. | Plaintiff was hospitalized. On March 1, 2015, while housed off-yard in the prison's CTC-Hospital unit, Plaintiff filed his initial |

|   |   |
|---|---|
|   | CDCR 602 appeal, accompanied by a CDCR 22 form memorializing the submission. |
| 4. | On April 5, 2015, after no response from the PVSP appeals coordinator, Plaintiff routed another CDCR 22 to the PVSP hiring authority, inquiring about his March 1, 2015 appeal, his CDCR 22 inquiries, and seeking to confirm staff complaint designation of the appeal, since it alleged staff misconduct. |
| 5. | Plaintiff was again ignored. |
| 6. | On April 28, 2015, Plaintiff submitted his second appeal, after the first was seemingly lost, suppressed, or discarded, and after Plaintiff's hiring authority CDCR 22 inquiry went ignored for nearly 30 days. |
| 7. | On May 5, 2015, the second appeal was cancelled for being untimely. |
| 8. | On May 8, 2015, Plaintiff lodged a timely appeal contesting the cancellation of the second appeal, memorialized via CDCR 22 on the same date. |
| 9. | After 3 days, on May 11, 2015, Plaintiff routed a copy of the CDCR 22 to the appeals coordinator supervisor. |
| 10. | Seven days later, Plaintiff routed another CDCR 22 to the PVSP hiring authority. |
| 11. | All of Plaintiff's follow-up efforts were ignored, as was his appeal. |
| 12. | After waiting an additional two weeks Plaintiff filed his lawsuit. |

### D.  **Defendants' Motion**

Defendants argue that Plaintiff failed to exhaust his administrative remedies for his failure to protect claim against defendants Montoya and Torres, because Plaintiff's Appeal Log No. PVSP-A-15-00618, filed on April 28, 2015, was cancelled at the second level of review for

failure to submit the appeal within the proscribed thirty-day time constraint. Defendants assert that Plaintiff was advised that he could appeal the cancellation decision by filing a new appeal, but he did not appeal the cancellation within thirty days. Defendants contend that the thirty-day period had not passed at the time Plaintiff filed his original complaint on May 27, 2015. Defendants provide declarations by M. Voong, Chief of Office of Appeals, and R. Navarro, Appeal Coordinator, in support of their assertion that neither PVSP nor the CDCR Office of Appeals has record of an appeal on the cancellation decision and as such, the cancellation decision became final. (Decl. of Voong, ¶¶ 12-13 and Ex. A at 7; Decl. of Navarro ¶10 and Ex. B at 15.) Defendants also provide evidence that PVSP, the Office of Appeals, and the ICAB have no record of receiving any other appeal against any prison official related to the allegations in the Third Amended Complaint or regarding Plaintiff's claims of deliberate indifference arising from the February 5, 2015 incident. (Id.)

The Court finds that Defendants have met their burden to show that there was an available administrative remedy, and that Plaintiff did not exhaust that available remedy. Defendants have shown an absence in the official records of any evidence that Plaintiff filed a timely inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint that Defendants failed to protect him. Therefore, the burden now shifts to Plaintiff to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.

E. **Plaintiff's Opposition**

Plaintiff argues that he exhausted the remedies made available to him, because prison officials obstructed him from using the appeals process. Plaintiff asserts that he filed a timely appeal on March 1, 2015, addressing the February 5, 2015 incident, and documented the filing on a CDCR-22 form. (ECF No. 26 at 7-8; Exh. A). He gave notice to the appeals coordinator supervisor and Warden on March 5, 2015 and April 5, 2015, respectively, notifying them that he had not received a response to the appeal. (Id. at 8-9.) Plaintiff asserts that after thirty days,
///

the interval of time CDCR has to answer an appeal at the first and second levels of review, he received no response to his appeal.

Plaintiff provides evidence that on April 28, 2015, he filed another appeal, which was cancelled as untimely at the Second Level of review on May 5, 2015. (DUF No. 15; Complaint, Doc. 1 at 9.) The May 5, 2015, notice of cancellation informed Plaintiff, "You may appeal the cancellation by writing a new appeal regarding the cancellation and attaching it to the cancelled appeal and all of it's (sic) attachments and resubmitting to the Appeals Office." (DUF No. 15; Complaint, Doc. 1 at 9.)

Plaintiff provides evidence that he submitted another appeal on May 8, 2015,[6] appealing the cancellation of his April 28, 2015 appeal. (ECF No. 26 at 11; Exh. B.) Plaintiff also provides evidence that he gave notice to the appeals coordinator supervisor and Warden on May 11, 2015 and May 18, 2015, respectively; notifying them that he had not received a response to the May 8, 2015 appeal. (Id. at 12-13.) On May 27, 2015, Plaintiff filed the complaint commencing this § 1983 action. (ECF No. 1.)

Plaintiff argues that Defendants' inability to account for his appeals does not prove that he did not submit them, because if appeals are ignored or suppressed, there may be no formal record of them. Plaintiff argues that prisoners have no control over mishandling of appeals after they are submitted, and no receipt is given to inmates when they submit appeals. Plaintiff argues that CDCR violated its own processing rules by failing to process appeals within 5 working days under DOM authority, Art. 53 § 54100.10.

### F.   Discussion

This case now proceeds only against defendants Montoya and Torres on Plaintiff's Eighth Amendment claim that Defendants failed to protect him from injury during an incident on February 5, 2015.

There is no dispute that Plaintiff failed to exhaust his remedies before filing suit. In order to adequately exhaust available administrative remedies before bringing a federal action

---

[6] The appeal is dated May 8, 2016, but drawing all reasonable inferences in the light most favorable to Plaintiff, it is plausible that this is a typographical error and Plaintiff meant to write 2015.

12

1  concerning prison conditions, under Prison Litigation Reform Act (PLRA) an inmate must use
2  all steps the prison holds out, enabling the prison to reach the merits of the complained of issue.
3  Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009).  Here, the parties facts demonstrate that
4  Plaintiff failed to complete the prison appeals process through the third level of review for any
5  appeal addressing the February 5, 2015, incident.

6  The issue here, then, is not whether Plaintiff exhausted his remedies, but whether
7  remedies were *available* to Plaintiff and he exhausted all of the *available* remedies before filing
8  suit on May 27, 2015.  Under the Prison Litigation Reform Act (PLRA), the obligation to
9  exhaust "available" remedies persists as long as some remedy remains "available"; once that is
10 no longer the case, then there are no "remedies available," and the prisoner need not further
11 pursue the grievance. Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. §
12 1997e(a).  Brown, 422 F.3d 926.

13 The court draws all reasonable inferences in the light most favorable to Plaintiff.
14 However, based on Plaintiff's facts and evidence, the court finds that Plaintiff failed to exhaust
15 all of the remedies available to him before filing suit.

16 After his first appeal was ignored, Plaintiff followed up by filing a second appeal which
17 was cancelled as untimely.  According to Plaintiff he (Plaintiff) then followed up by filing a
18 third appeal on May 8, 2015, contesting the cancellation of the second appeal.  Significantly,
19 prison officials had thirty days from May 8 in which to respond to the Plaintiff's third appeal.
20 Under the California Code of Regulations, all appeals submitted at the first and second levels of
21 review, with exceptions not applicable here, "shall be completed within 30 working days from
22 the date of receipt by the appeals coordinator." Cal.Code Regs. tit. 15, § 3084.8(b)(1),(2).  It is
23 clear that Plaintiff failed to wait thirty days for a response to his third appeal.  Instead, after
24 only 19 days, on May 27, 2015, Plaintiff filed the complaint commencing this action.  Thus,
25 Plaintiff failed to exhaust the remedies available to him before filing suit as he did not wait
26 thirty working days for a response to his third appeal.  Moreover, Plaintiff still had remedies
27 available to him when he filed the complaint.  Plaintiff's failure to wait the full 30 days denied
28 prison officials a fair opportunity to correct their own errors and such failure is fatal to his

lawsuit.

Therefore, Defendants are entitled to summary judgment for Plaintiff's failure to exhaust.

## IV. CONCLUSION AND RECOMMENDATIONS

Therefore, **IT IS HEREBY RECOMMENDED that** Defendants' motion for summary judgment, filed on March 25, 2016, be **GRANTED**, and this action be dismissed in its entirety, without prejudice, based on Plaintiff's failure to exhaust.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 22, 2017**           **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE