UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALLEN SHARONOFF,<br><br>Plaintiff,<br><br>v.<br><br>MONTOYA, et al.,<br><br>Defendants. | No. 1:15-cv-00799-DAD-GSA (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 45, 49, 51) |

Plaintiff, Kenneth Allen Sharonoff, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 22, 2017, the assigned magistrate judge entered findings and recommendations, recommending that defendants' motion for summary judgment be granted. (Doc. No. 45.) The parties were granted fourteen days in which to file objections. (*Id.*) After twenty-one days, no objections had been filed. Accordingly, on March 15, 2017, the court issued an order granting defendants' motion for summary judgment. (Doc. No. 46.) On the same day, judgment was entered and the case was closed. (Doc. No. 47.)

On March 16, 2017, the court received objections by plaintiff to the findings and recommendations. (Doc. No. 48.) Plaintiff's proof of service for his objections is dated March 2,

2017, which would render the objections timely under the mailbox rule.[1]  Therefore, the court will consider the objections and determine whether plaintiff's arguments therein would have affected the court's decision to adopt the findings and recommendations.

On March 29, 2017, plaintiff filed a motion to vacate the order granting defendants' motion for summary judgment.  (Doc. No. 49.)  On April 19, 2017, defendants filed an opposition to the motion.  (Doc. No. 50.)  On April 26, 2017, plaintiff filed another motion to vacate the order granting defendants' motion for summary judgment (Doc. No. 51), which is identical to his previous filing (Doc. No. 49), save for plaintiff's citation in the latter filing to the decision in *Miller v. Sumner*, 921 F. 2d 202 (9th Cir. 1990).  (*Id.* at 8–9, Ex. A.)  The court construes both of plaintiff's motions to vacate the court's order as motions for reconsideration.

## MOTION FOR RECONSIDERATION

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> * * *

A motion under Rule 60(b)(1) or (2) must be made no more than a year after the entry of the judgment.  Fed. R. Civ. P. 60(c).

Generally speaking, a motion for reconsideration "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.

---

[1] Based on the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk.  *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).

2009).[2] Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

## DISCUSSION

The court has thoroughly reviewed plaintiff's objections received by the court on March 16, 2017, plaintiff's motion to vacate the order granting defendants summary judgment filed on March 29, 2017, defendants' opposition filed on April 19, 2017, and plaintiff's reply filed on April 26, 2017. (Doc. Nos. 48–51.)

In his objections to the findings and recommendations, plaintiff argues that he was not required under 42 U.S.C. § 1997(e) to further pursue the inmate appeal he filed on May 8, 2015 prior to filing this lawsuit. Plaintiff also argues that his filing of his complaint in this action before allowing the requisite thirty days for a response to his inmate appeal did not cause the defendants to suffer undue prejudice or significantly change the outcome of his inmate appeal. Plaintiff asserts that he waited nineteen days for a response to his inmate appeal, which gave prison officials plenty of time to correct their mistakes before he filed suit.

In their opposition to plaintiff's motion for reconsideration defendants acknowledge that plaintiff's objections to the findings and recommendations were filed timely under the mailbox rule, but that consideration of those objections does not change the fact that plaintiff did not exhaust his available administrative remedies prior to filing suit as required. Defendants argue that plaintiff's premature filing of his lawsuit undermines the purpose of the exhaustion

---

[2] The Local Rules of this court require, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. Local Rule 230(j).

3

requirement, which requires compliance with the prison's procedural rules and deadlines. Defendants contend that administrative remedies were still available to plaintiff at the time he filed this lawsuit, and therefore, it cannot be disputed that plaintiff did not properly exhaust his administrative remedies before he filed suit.

After consideration of plaintiff's objections and motion for reconsideration, the court's decision with respect to defendants' motion for summary judgment in their favor remains unchanged. Notably, in the findings and recommendations issued on February 22, 2017 (Doc. No. 45) and later adopted by the undersigned on March 15, 2017 (Doc. No. 46), the magistrate judge found that "[p]laintiff's failure to wait the full 30 days denied prison officials a fair opportunity to correct their own errors and such failure is fatal to his lawsuit." (Doc. No. 45 at 13–14). The court does not find this conclusion to be the result of mistake, inexcusable neglect, or clear error. Plaintiff has not set forth any new evidence which would cause the court to consider reversing its prior decision. In short, the Prison Litigation Reform Act requires prisoners to exhaust their available administrative remedies prior to filing suit, *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002), and plaintiff failed to do so here. Therefore, plaintiff's motion for reconsideration will be denied, and plaintiff's case shall remain closed.

**CONCLUSION**

Based on the foregoing, consideration of plaintiff's arguments set forth in his objections do not change the court's March 15, 2017 decision granting defendants' motion for summary judgment due to plaintiff's failure to exhaust his administrative remedies prior to filing suit. Plaintiff's motion for reconsideration (Doc. Nos 49 and 51) is denied.

IT IS SO ORDERED.

Dated: **October 20, 2017**

UNITED STATES DISTRICT JUDGE

4